**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------x
EILEEN VENABLE,                        :
                                       :      04 Civ. 3532 (BSJ)
              Plaintiff,               :
                                       :         **ORDER**
         v.                            :
                                       :
REED ELSEVIER, INC.,                   :
                                       :
              Defendant.      :
----------------------------------x
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


        Pro se Plaintiff Eileen Venable ("Plaintiff") brought the

present action against Defendant Reed Elsevier ("Defendant")

alleging that she was discriminated against on account of her

race and sex.  Before the Court is Plaintiff's motion to seal

the entire file in this case.  Plaintiff requests that the Court

seal the file because Defendant's motion for summary judgment

revealed the following private and personally identifiable

information:  (1) Plaintiff's social security number, (2)

Plaintiff's home address, (3) Plaintiff's medical records, and

(4) Plaintiff's educational records.  In addition, Plaintiff

herself disclosed her social security number and address in her

Complaint, and in an exhibit she submitted in opposition to

Defendant's motion for summary judgment.  Defendant argues that

the motion to seal should be denied because "the information

Plaintiff seeks to have sealed is directly relevant to the

1

Dockets.Justia.com

adjudication of the litigation" and "Plaintiff has offered no proof of any damage or harm that will occur if the record is not sealed." (Def.'s Mem. of Law in Opp'n to Pl.'s Motion to Seal 1.) However, Defendant does not object to sealing references to Plaintiff's social security number and address.

***Discussion***

The public has a common law right of access to judicial records. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). This right "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." Id. In order to monitor the courts, the public needs "access to [the] testimony and documents . . . used [by the Court] in performance of its Article III functions." Id. Plaintiff, as the party moving to seal the entire file, bears the burden of demonstrating that the documents submitted to the court should be sealed. DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 820 (2d Cir. 1997). Although Plaintiff urges this Court to seal the entire record, the Court declines to do so because Plaintiff has failed to demonstrate that each document contained in the court file contains information that should be kept secret. Moreover, sealing orders should be narrowly tailored to protect the particular interest at issue, and an order to seal the

entire file is unnecessarily broad.  See Lugosch, 435 F.3d at 119.

### 1.    Plaintiff's Medical and Educational Information

In deciding whether to seal the documents containing Plaintiff's medical and educational information, the Court must first determine whether the documents at issue are "judicial documents."  Lugosch, 435 F.3d at 119.  If the documents are "judicial documents" then a "common law presumption of access attaches" and the court must determine the weight to be given to such a presumption.  Id. at 119-20.  After determining the weight of the presumption, the Court must "balance competing considerations against it," such as the "privacy interest of the person resisting disclosure."  United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

To be designated a judicial document, "the document filed must be relevant to the performance of the judicial function and useful in the judicial process."  Lugosch, 435 F.3d at 119.  The documents at issue were submitted by Defendant in support of its motion for summary judgment.  In Lugosch v. Pyramid Company of Onondaga, the Second Circuit held that "[d]ocuments submitted to the court as supporting material in connection with a motion for summary judgment – are unquestionably judicial documents under the common law."  435 F.3d at 123.  The Court reasoned that "summary judgment is an adjudication, and 'an adjudication is a

formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.'" Id. at 121 (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982)). Thus, the documents submitted by Defendant are clearly judicial documents entitled to a presumption of access.

As to the weight of the presumption, the Second Circuit has stated that "'documents used by parties moving for, or opposing, summary judgment'" are entitled to the "highest" presumption of access and "'should not remain under seal absent the most compelling reasons.'" Id. at 123 (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982) (emphasis in original)). Plaintiff urges us to find that her medical and educational information is irrelevant to the resolution of the issues in this case, and is therefore not entitled to a strong presumption of access. The Court disagrees. In Lugosch, the Second Circuit rejected the notion that "different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion." Id. at 123. The court reasoned that "[i]f the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge should have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." Id. (citation omitted). In addition, the Second

Circuit stated that "to equate the weight of the presumption with the disposition of each particular claim would require the Court to review the documents under varying standards, which would be extremely difficult and a waste of judicial resources." Id. (quoting The Diversified Group, Inc. v. Daugerdas, 217 F.R.D. 152, 159 n.5 (S.D.N.Y. 2003)). Accordingly, prior to ruling on the motion for summary judgment the Court need not determine the admissibility and relevancy of each document. The documents at issue were submitted by Defendant in support for its motion for summary judgment and are thus entitled to a strong presumption of access.

"Notwithstanding [this presumption], the documents may be kept under seal if 'countervailing factors' in the common law . . . so demand." Lugosch, 435 F.3d at 124. Plaintiff asserts that her privacy interest in her medical and educational records outweighs the presumption of access. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." Amodeo, 71 F.3d at 1051. In addition, the Court must weigh "[t]he nature and degree of injury" against the presumption of access. Id.

Plaintiff asserts that Defendant disclosed her "medical history" (Pl.'s Motion for a Sealing Order), and "medical

records" (Pl.'s Reply).  Medical records and illnesses are private matters, to which the public does not have a general right of access.  However, the documents submitted by Defendant do not contain any actual "medical records," nor do they describe Plaintiff's "medical history."[1]  References to Plaintiff's medical condition are included in Defendant's motion papers because Plaintiff described her medical condition in the "Complaint of Discrimination and Harassment" she filed with the Virginia Council on Human Rights, and Defendant included the complaint as an exhibit in support of its motion for summary judgment.  Plaintiff's expectation of privacy concerning her medical condition is weak because she was the party responsible for disclosing this private information when she alleged that she was discriminated against on account of her illness.[2]  Accordingly, the Court finds Plaintiff's privacy interest in the specific information that she disclosed, does not overcome the presumption of access to which Defendant's summary judgment motion papers and exhibits are entitled.

Plaintiff asserts that her privacy interest in her educational records, specifically her transcripts from Florida

---

[1] If the Court is wrong in this conclusion, Plaintiff is to submit a letter to the Court describing the specific document that contains Plaintiff's medical record, and the Court will consider having the relevant portions of the document sealed.

[2] The Court notes that Plaintiff's Complaint in this action, unlike the complaint filed with the Virginia Council of Human Rights, does not allege that she was discriminated against on account of her illness.

State University and Virginia State University, outweighs the presumption of access. In addition, Plaintiff contends that these documents are not entitled to a presumption of access because they are irrelevant. As stated above, the Court need not determine the admissibility, or relevance of each document to the specific claim asserted, in order to find that the documents are judicial documents to which the presumption of access applies. The Court will nevertheless address Plaintiff's argument.

Plaintiff contends that because the magistrate judge stated in a letter endorsement dated March 16, 2005, that Plaintiff's courses and grades from twenty years ago were not relevant to the present action, it was improper for Defendant to include the transcripts as exhibits. The magistrate judge, however, did allow Defendant to subpoena documents concerning whether Plaintiff graduated from the given schools and when she obtained her degrees, thus her educational background was still properly accessible by Defendant. Defendant submitted Plaintiff's transcripts as "after acquired evidence" that it believes furnishes additional grounds for termination. The documents are clearly "judicial documents" submitted in support of a motion for summary judgment, and are thus entitled to strong presumption of access.

As to the countervailing factors, the Court finds that Plaintiff's privacy interest in her educational record is not sufficient to overcome the strong presumption in favor of giving the public access to the memorandum of law and exhibits submitted by Defendant in support of its motion for summary judgment.  Accordingly, Plaintiff's motion to seal is denied.

**2.     Plaintiff's Social Security Number and Plaintiff's Home Address**

Defendant does not object to an order sealing any reference to Plaintiff's social security number or address.  Nor does the Court see a need for the public to have access to this information as neither piece of information is relevant to the Court's performance of its judicial function in this case.  <u>See</u> <u>Lugosch</u>, 435 F.3d at 119.  Therefore, Plaintiff is instructed to submit to the Court a list of documents containing her social security number and address, and the Court will issue an appropriate protective order.

*Conclusion*

For the foregoing reasons, Plaintiff's motion to seal the entire file is DENIED.  Plaintiff is ordered to provide the Court with a list of the documents that contain her social security number and address, in order for the Court to issue an appropriate protective order.

8

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          March 29, 2007

9