UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

EILEEN VENABLE,                          :

                                         :

                    Plaintiff,           :

                                         :

          vs.                            :

                                         :

REED ELSEVIER, INC.,                     :

                                         :

                    Defendant.           :

------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/09

04-CV-3532 (BSJ) (THK)

**OPINION AND ORDER**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

*Pro Se*[1] Plaintiff EILEEN VENABLE ("Plaintiff" or

"Venable") moves the Court for reconsideration of its March

6, 2009 Order granting Summary Judgment in favor of the

Defendant REED ELSEVIER, INC. ("Defendant" or "Reed

Elsevier").  For the reasons that follow, the Court DENIES

this motion and declines to reconsider its prior Order.

### BACKGROUND

This case arose out of the termination of Plaintiff's

employment with Defendant.  Plaintiff alleged various

claims based on unlawful termination, as well as claims of

discrimination and hostile work environment in violation of

Title VII of the Civil Rights Act of 1974, as amended, 42

U.S.C. § 2000 et seq. and 42 U.S.C. § 1981.  By Order dated

---

[1] The Court notes its obligation to construe *pro se* Plaintiff's
submissions to "raise the strongest arguments that they suggest."
Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)(citation omitted).

1

March 6, 2009,[2] the Court granted Reed Elsevier's motion for summary judgment on all claims.[3]

## DISCUSSION

A.  STANDARD OF REVIEW

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (citations omitted).  Local Rule 6.3 requires that, in a motion for reconsideration, the movant must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Grand Crossing, L.P. v. United States Underwriters Ins. Co., No. 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, at *7-9 (S.D.N.Y. Oct. 3, 2008) (citations omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data...that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

---

[2] The Court presumes familiarity with the Order, which sets forth the relevant background in greater detail.
[3] Although the Defendant urges this Court to deny Venable's motion as untimely, the Court exercises its discretion to consider the motion.

"A party should not use a motion for reconsideration to reargue those issues already considered when a party does not like the way the original motion was resolved." Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4200601, at *3(S.D.N.Y. Sept. 12, 2008) (citations omitted). Additionally, a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court. See Davidson v. Scully, 172 F.Supp.2d 458, 461-62 (S.D.N.Y. 2001).

Reconsideration is appropriate where a movant meets its "heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Group, Inc., No. 07 Civ. 8783(LTS)(RLE), 2008 U.S. Dist. LEXIS 62927, at *1 (S.D.N.Y. Aug. 1, 2008) (citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). The decision to grant or deny a motion for reconsideration or reargument is in the "sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (citations omitted).

B.    PLAINTIFF'S ARGUMENTS FOR RECONSIDERATION

Plaintiff makes two principal arguments for reconsideration: (1) Defendant's motion for summary judgment is legally insufficient; and (2) Defendant failed to establish that no genuine issues of material fact remained.  These arguments do not provide proper bases for reconsideration.

(1) Legal sufficiency of Defendant's Submissions

Venable argues that Defendant's motion is legally insufficient because Defendant failed to provide the requisite notice to a *pro se* plaintiff, presented improperly authenticated business records, and relied on affidavits that consisted of inadmissible hearsay. (Plaintiff's Motion for Reconsideration ("Pltf. Motion") at 2.)

(a)      Failure to provide notice pursuant to Local Rule 56.2

A failure to "apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal." Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620-621 (2d Cir. 1999) (citations omitted).  However, "[a] District Court need not advise a *pro se* litigant as to the nature of summary judgment where...the record otherwise makes clear

that the litigant understood the nature and consequences of summary judgment." Id.

The record indicates that Defendant filed its motion on October 17, 2005, but upon serving that motion to the pro se Plaintiff, did not include a Notice to Plaintiff *Pro Se* as required by Local Rule 56.2.  On December 2, 2005, Defendant issued to Plaintiff the Rule 56.2 Notice.  In this case, the failure to serve the Rule 56.2 Notice with the original filing of the motion for summary judgment was harmless and is excused.

Throughout these proceedings, Plaintiff has demonstrated her knowledge of all obligations and consequences stemming from the Defendant's motion for summary judgment.  Notice was delivered to her on December 2, 2005, and Plaintiff was given ample opportunity after that date to respond with the appropriate materials. (Plaintiff submitted multiple filings and materials after receiving the 56.2 Notice.)  Prior to that date, any delay in delivering the notice to Plaintiff was harmless, in as much as Plaintiff demonstrated that she was fully aware of the content of Local Rule 56.2 and its import.  In a Motion for an Order to Strike and for Sanctions filed by Plaintiff on November 7, 2005, Plaintiff cited Rule 56.2 and quoted the relevant language (Plaintiff's Motion to Strike at 26).

Plaintiff then filed, on November 18, 2005, her opposition to defendant's motion summary judgment, including in her submissions an explanation of the summary judgment standard, a Rule 56.1 Statement, and twenty-five exhibits in attachment.  These submissions to the Court make it abundantly clear that the pro se Plaintiff was aware of her obligations in facing defendant's motion for summary judgment and aware of all possible consequences stemming from that motion.  *See also*, M.B. #11072-054 v. Reish, 119 F.3d 230, 232 (2d Cir. 1997)(where a *pro se* litigant has demonstrated a clear understanding of the nature and consequences of a summary judgment motion, failure to provide proper notice will be deemed harmless); Beharry v. M.T.A. New York City Transit Auth., No. 96 Civ 1203 (FB), 1999 WL 151671, at *1 (E.D.N.Y. Mar. 17, 1999) ("[I]t is clear from [plaintiff's] submission of a statement of disputed facts and memorandum of law with exhibits, that he understood the nature and consequences of summary judgment...").

Therefore, the Court finds that that Plaintiff was notified and at all times aware of her obligations in responding to the motion for summary judgment, and therefore reconsideration is not warranted on this ground.

6

(b)      <u>Improper Authentication of Business Records
and Inadmissible Hearsay</u>

Plaintiff here raises issues concerning Defendant's

authentication of business records and its submission of

hearsay items.  These issues have already been considered

by the Court.  Plaintiff raised these issues in her Motion

to Strike dated November 5, 2005.  That motion was denied

on September 28, 2006.  Plaintiff then raised similar

issues in her opposition to the underlying motion for

summary judgment here.  Those issues were again considered

and decided.  Plaintiff has not identified any facts or law

that the prior rulings failed to consider, nor has she

presented any newly discovered evidence.  Nor has Plaintiff

shown a change in controlling law or offered any evidence

that the Court made a serious error in ruling on the

motions. Instead, Plaintiff merely rehashes previously

considered arguments.  Therefore, these claims do not

provide a basis for reconsideration.

(2) <u>Genuine issues of material fact do not remain</u>

Venable also contends that the Court should have

denied Defendant's motion for summary judgment and instead

granted her summary judgment, as to her claims for: (a)

retaliatory discharge, (b) defendant's violations of ERISA

and FMLA by seizing plaintiff's salary, (c) defendant's

violations of state and federal garnishment laws, (d) defendant's violation of 42 U.S.C. § 1981, (e) defendant's liability for breach of contract, (f) defendant's liability for sex discrimination, (g) defendant's liability for sexual harassment, and (h) defendant's failure to investigate the pornographic emails or to produce a single email from another employee. (Pltf. Motion at 4-10.)

The majority of these issues were presented to and considered by the Court in its earlier ruling. They do not provide a basis for reconsideration. The remaining issues merely attempt to raise new claims not previously alleged or argued by Plaintiff. Such new theories are inappropriate at this stage and do not raise a basis for granting Plaintiff's motion for reconsideration. *See, e.g.* Kingsway Fin. Servs. Inc., 2008 WL 4200601, at *3 (citations omitted)).

**CONCLUSION**

Plaintiff has presented no new "matters or controlling decisions" that "the court has overlooked." S.D.N.Y. Local Civ. R. 6.3. The motion for reconsideration is therefore DENIED in its entirety.

**SO ORDERED:**

_Barbara S. Jones_

**Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
            August 17, 2009